**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AISHA PARKER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-1760** |
| | : | |
| **AMAZON LOGISTICS, INC.,** | : | |
| **GREGORY MAZEPINK, and** | : | |
| **FREDDY GUANTE TOLEDO** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                          **June 22, 2023**

We again face the procedural puzzle of whether a state or federal court should resolve claims arising from a multi-car highway accident involving Pennsylvanians but one of the Pennsylvania drivers allegedly causing harm works for a Washington state company. The allegedly injured Pennsylvanians first sued other Pennsylvania drivers in two cases filed and consolidated in state court. An injured Pennsylvanian then discovered one of the other drivers worked for Amazon from Washington state and later sued it in the same state court. The state court consolidated the three cases for discovery and trial in January 2024. Amazon then removed the third-filed case against it to our Court citing our diversity jurisdiction. The injured Pennsylvanian moves to remand or alternatively amend to add in the other two Pennsylvania drivers involved in the accident. Her proposed amendment would destroy our diversity jurisdiction. But Congress authorized us to decline jurisdiction if a later amendment would destroy our diversity jurisdiction. We follow reasoned guidance in factors offered by several of our colleagues. We deny remand as Amazon properly removed the third case given Pennsylvania law on consolidating cases. But we grant the injured Pennsylvanian the ability to amend to add the other Pennsylvania driver defendants. We must then remand the amended Complaint so the parties can resolve their claims in the three cases before the same state court now set for trial in early 2024.

## I.     Background allegations and public filings.

A multi-car highway accident involving two cars and a truck allegedly caused injury to Aisha Parker and her eight-year-old daughter K.P. on October 20, 2020.[1] David Carter drove Aisha Parker and their eight-year-old daughter K.P. as passengers.[2]

Ms. Parker alleges Mr. Carter drove her and K.P. in the left lane of the highway when the car in front of them driven by Pennsylvanian Freddy Guante Toledo stopped without warning.[3] Mr. Toledo then allegedly began reversing his car.[4] Mr. Carter brought his car to a stop behind Mr. Toledo.[5] But the truck behind Mr. Carter driven by Pennsylvanian Gregory Mazepink allegedly failed to stop and crashed into Mr. Carter's car.[6] The truck's force allegedly caused Mr. Carter's car to strike Mr. Toledo's car, and then spin and strike the concrete barrier on the highway.[7] K.P. sat in the back of Mr. Carter's car during the crash.[8]

### Ms. Parker and Mr. Toledo sue in state court.

Mr. Carter and Ms. Parker, individually and on behalf of their daughter K.P., sued Mr. Mazepink and Mr. Toledo on August 16, 2021 in the Philadelphia County Court of Common Pleas for negligence and negligence per se stemming from the October 20, 2020 multi-car accident captioned *Parker v. Mazepink*.[9] Mr. Toledo then sued truck driver Mr. Mazepink, Mr. Carter, and Ms. Parker about a week later on August 24, 2021 in the Philadelphia County Court of Common Pleas for negligence and negligent entrustment—captioned *Toledo v. Mazepink*.[10] Pennsylvania Judge Denis P. Cohen consolidated the two state court cases "for purposes of discovery and trial" on November 30, 2021.[11]

### *Ms. Parker learns Amazon employed Mr. Toledo.*

The parties proceeded to discovery in the consolidated case.[12] Ms. Parker deposed Mr. Toledo on November 21, 2022.[13] Mr. Toledo confirmed at the time of the multi-car accident he had been delivering a package for Amazon Flex.[14]

Ms. Parker, as the parent and natural guardian of K.P., then sued Amazon Logistics, Inc. about four months later on March 20, 2023 in the Philadelphia County Court of Common Pleas for vicarious liability and negligent hiring, training, retention, and supervision stemming from the multi-car accident.[15] Ms. Parker alleges Mr. Toledo had been operating his vehicle on October 20, 2020 as "an employee, servant, workman, and/or agent" of Amazon.[16] She alleges Mr. Toledo picked up a load of packages from the Amazon Flex warehouse in Philadelphia before the accident, and then used the Amazon Flex application to navigate to the first delivery stop.[17] Ms. Parker claims when Mr. Toledo stopped his vehicle and began reversing he had been using the application to follow the directions to his delivery destination.[18] She claims K.P. has suffered serious trauma and permanent disfigurement from the multi-car accident.[19] She seeks more than $100,000.00 in monetary damages.[20] Ms. Parker incorporates by reference her earlier-filed *Parker v. Mazepink* in her Complaint.[21]

Ms. Parker moved to consolidate *Parker v. Amazon* with the other two cases involving the same accident on March 20, 2023.[22] Judge Cohen granted Ms. Parker's motion and consolidated *Parker v. Amazon* with *Parker v. Mazepink* and *Toledo v. Mazepink* "for the purposes of discovery and trial" on April 14, 2023.[23]

### *Amazon removes the third state court case.*

Amazon removed the third-filed *Parker v. Amazon* on May 8, 2023 invoking our diversity subject matter jurisdiction.[24] Amazon swears this action is between citizens of different states and

the amount in controversy exceeds the jurisdictional threshold.[25] Amazon is a Delaware corporation with its principal place of business in Washington, and Ms. Parker and her daughter K.P. are citizens of Pennsylvania.[26] But Amazon also acknowledges, although they are not parties to the case removed, Mr. Toledo and Mr. Mazepink are both Pennsylvania citizens.[27]

## II.    Analysis

Ms. Parker, as the parent and natural guardian of K.P., now moves to remand this third filed case against Amazon to the Philadelphia County Court of Common Pleas, or in the alternative, amend her Complaint to join the Pennsylvania drivers Messrs. Toledo and Mazepink as non-diverse defendants which would necessitate remand.[28]

Ms. Parker argues Judge Cohen's April 14, 2023 consolidation Order completely consolidated the three state court cases—*Parker v. Amazon, Parker v. Mazepink,* and *Toledo v. Mazepink.*[29] So, according to Ms. Parker, no diversity existed at the time of removal since K.P., Mr. Mazepink, and Mr. Toledo are all Pennsylvania citizens.[30] Amazon responds it properly removed the case because Judge Cohen's Order consolidating the three cases for the purposes of discovery and trial did not amount to a "complete consolidation" since the three cases involve different parties and claims.[31]

If we find removal proper, Ms. Parker alternatively moves to amend her Complaint to join Mr. Toledo and Mr. Mazepink as non-diverse defendants.[32] Ms. Parker's amended Complaint adds claims for negligence and negligence per se against Mr. Toledo and Mr. Mazepink.[33] Ms. Parker alleges Mr. Toledo breached his duty of care owed to K.P. by operating his car negligently, carelessly, and recklessly when he, among other things, stopped in the left-hand lane of the highway and reversed his car without warning.[34] Ms. Parker alleges Mr. Mazepink breached his duty of care owed to K.P. by operating his car negligently, carelessly, and recklessly when he,

among other things, drove his truck at an excessive speed and failed to maintain control of his truck.[35] Ms. Parker also sues Mr. Toledo and Mr. Mazepink for negligence per se because their conduct violated Pennsylvania ordinances, laws and/or statutes.[36] Ms. Parker seeks over $150,000.00 in compensatory damages and damages for delay, costs, fees, and punitive damages.[37] Amazon responds we should deny Ms. Parker's Motion to amend because her sole purpose in seeking to join Mr. Toledo and Mr. Mazepink is to destroy our subject matter jurisdiction, and the equities favor Amazon's interest in maintaining a federal forum.[38]

### A.  Complete diversity existed at the time of removal.

Amazon may remove a civil case filed in state court if we would have had original jurisdiction over the case.[39] We have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.[40] Amazon as "the party asserting federal jurisdiction in a removal case bears the burden of showing . . . the case is properly before" us.[41] Ms. Parker may challenge the removal by moving to remand the case back to the state court in which the case originated.[42] "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."[43]

Amazon swears this case is between citizens of different states—a Pennsylvania citizen suing a Delaware corporation with its principal place of business in Washington—and the amount in controversy exceeds the jurisdictional threshold.[44] But Ms. Parker moves to remand arguing Judge Cohen ordered complete consolidation of the three state court cases ***before*** Amazon removed which destroys diversity since Mr. Toledo and Mr. Mazepink are Pennsylvania citizens.[45] So the parties' dispute concerns whether Judge Cohen's Order to consolidate *Parker v. Mazepink, Toledo v. Mazepink*, and *Parker v. Amazon* results in one case or three separate cases.

Our role "is not to decide whether it was proper for the state court to consolidate the actions, but whether the consolidation affects [our] jurisdiction."[46] We consider "whether each part of the consolidated claim shall be reviewed independently, or as one case for the purposes of determining federal subject matter jurisdiction."[47] We look to Pennsylvania state law to determine what effect consolidation has in Pennsylvania to determine what effect state court consolidation has on our jurisdiction.[48] The Pennsylvania Supreme Court in *Malanchuk v. Tsimura* held "complete consolidation (or merger or fusion of actions) does not occur absent a complete identity of parties and claims; separate actions lacking such overlap retain their separate identities and require distinct judgments; these principles pertain equally to appealability determinations; and they continue to operate even in the face of an order purporting to consolidate the actions 'for all purposes.'"[49]

Judge Cohen consolidated three cases with different parties and claims. In *Parker v. Mazepink*, Mr. Carter and Ms. Parker, individually and on behalf of K.P., sue Mr. Mazepink and Mr. Toledo for negligence and negligence per se stemming from the multi-car accident.[50] In *Toledo v. Mazepink*, Mr. Toledo sues Mr. Mazepink and Mr. Carter for negligence and Ms. Parker for negligent entrustment.[51] And, in *Parker v. Amazon*, Ms. Parker on behalf of K.P. sues Amazon for vicarious liability and negligent hiring, training, retention, and supervision stemming from the multi-car accident.[52] These separate cases lack complete identity of parties and claims. They "retain their separate identities[.]"[53] So Judge Cohen's April 14, 2023 consolidation Order does not impact our diversity jurisdiction.

As alleged in Amazon's notice of removal, K.P. is a Pennsylvania citizen and Amazon is a citizen of Delaware and Washington.[54] Complete diversity existed at the time of removal, so we retained subject matter jurisdiction at the time of removal.

**B.  We grant Ms. Parker leave to join Mr. Mazepink and Mr. Toledo.**

Ms. Parker, on behalf of K.P., alternatively asks to amend her Complaint to sue Mr. Mazepink and Mr. Toledo for negligence and negligence per se stemming from the multi-car accident.[55] Amazon responds we should deny Ms. Parker's Motion to amend because her sole purpose in seeking to join Mr. Toledo and Mr. Mazepink is to destroy diversity, and the equities favor Amazon's interest in maintaining a federal forum.[56]

Leave to amend a complaint ordinarily should be freely given "when justice so requires."[57] Federal Rule of Civil Procedure 20 allows Ms. Parker to join Mr. Mazepink and Mr. Toledo when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."[58] The claims Ms. Parker asserts against Mr. Mazepink and Mr. Toledo on behalf of K.P. arise from the same October 20, 2020 multi-car accident at issue against Amazon.[59] And the claims against Mr. Mazepink and Mr. Toledo involve the same questions of law and fact including Mr. Mazepink's and Mr. Toledo's liability and the extent of K.P.'s injuries and damages.

But Congress, through 28 U.S.C. § 1447(e), provides "[i]f after removal [Ms. Parker] seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, [we] may deny joinder, or permit joinder and remand the action to the State court."[60] Congress' grant of authority gives us "considerable discretion in deciding motions for joinder when the result of joining a defendant would be to defeat federal court jurisdiction."[61] Since joining Mr. Mazepink and Mr. Toledo would destroy our subject matter jurisdiction, we consider the four factors outlined by the United States Court of Appeals for the Fifth Circuit in *Hengsens v. Deere & Company* when

deciding whether to permit Ms. Parker to join Mr. Mazepink and Mr. Toledo because doing so would necessitate remand.[62]

The *Hensgens* factors we consider include: (1) whether Ms. Parker's purpose in seeking to add new, non-diverse defendants and remand the case to state court is explicitly to defeat federal jurisdiction; (2) whether Ms. Parker has been dilatory in seeking to add Mr. Mazepink and Mr. Toledo to this case; (3) whether Ms. Parker and K.P. will be injured if we deny the Motion to remand; and (4) any other factors bearing on the equities.[63] The Court of Appeals's guidance in *Hensgens* serves as the template for judges in our District deciding whether to permit joinder and remand under section 1447(e).[64]

We are persuaded by Judge Baylson's reasoned decision in *Groh v. Monestero* where he faced similar facts and found all the *Hensgens* factors favored remand.[65] Ms. Groh sued multiple individuals and an insurance company in state court stemming from a hunting accident which led to her husband's death.[66] She first sued her neighbor in the Bucks County Court of Common Pleas for wrongful death alleging he acted carelessly and recklessly when he, among other things, failed to regard the safety of her husband when he accidently shot and killed her husband mistaking him for a deer.[67] Ms. Groh then sued an insurance company seeking declaratory relief and another member of the neighbor's hunting party for trespass.[68] A Bucks County Court of Common Pleas judge consolidated the cases for the purposes of pre-trial discovery and trial.[69] Ms. Groh then sued a third member of the neighbor's hunting party in state court for trespass.[70] The third member of the hunting party removed to federal court, and then moved to dismiss.[71] Ms. Groh filed an amended complaint and moved to remand.[72] Ms. Groh did not ask to join the other members from the hunting party or the insurance company to her amended complaint, but argued section 1447(e)

still favored remand because if she did join them, diversity would be defeated and Judge Baylson would lose his subject matter jurisdiction.[73]

Judge Baylson considered the four *Hensgens* factors and found they each favored remand.[74] He reasoned: (1) no evidence existed suggesting Ms. Groh's sought to defeat federal jurisdiction— instead her "guiding objective appears to be to pursue a single action against all parties potentially responsible for her husband's death in one forum[;]" (2) Ms. Groh had not been dilatory in seeking remand—she moved to remand less than one month after the hunter filed the notice of removal; (3) without remand Ms. Groh would be forced to litigate two lawsuits in two separate court systems, even though they both centered on the same set of facts—the hunting accident; and (4) the hunter would not be prejudiced by the ripe nature of the consolidated state court case because an extension of discovery removed any prejudice.[75] Judge Baylson rejected the hunter's formalistic argument remand should be denied because Ms. Groh did not file an actual motion for joinder of the non-diverse parties.[76] Judge Baylson reasoned Ms. Groh's motion for remand "is centered on arguments about joinder" since her goal is to consolidate the federal lawsuit with the related-state court action, and joinder of those non-diverse parties would be impossible in federal court.[77]

Ms. Parker asks to add two non-diverse parties to her amended Complaint.[78] We find all *Hensgens* factors favor permitting Ms. Parker to amend the Complaint to add claims against Mr. Mazepink and Mr. Toledo.

### 1. Ms. Parker's motive to join the two drivers is not to defeat diversity.

We first consider whether Ms. Parker seeks to amend the Complaint for the purpose of defeating diversity jurisdiction. Amazon argues Ms. Parker's "sole purpose of the proposed amendment is to defeat federal jurisdiction" as her "counsel candidly acknowledged this point at

the pretrial conference."[79] We disagree. We, like Judge Baylson found in *Groh*, have no evidence Ms. Parker seeks joinder for the sole purpose of destroying our federal subject matter jurisdiction.

Ms. Parker's ultimate goal is to consolidate the federal lawsuit with the related-state court consolidated cases, and joinder of the non-diverse parties would be impossible in federal court as it destroys diversity. Ms. Parker's guiding objective appears to be to avoid the burden of litigating two cases arising from the same multi-car accident and involving the same drivers in two separate forums. Ms. Parker, on behalf of K.P., already sued Mr. Mazepink and Mr. Toledo in state court *before* Amazon invoked our jurisdiction through removal. And Judge Cohen consolidated Ms. Parker's case against Mr. Mazepink and Mr. Toledo and her case against Amazon *before* Amazon removed. So Ms. Parker appears "motivated more by a desire to be made whole and to join all proper defendants rather than by a desire to defeat diversity jurisdiction."[80]

This factor weighs strongly in favor of joinder.

### 2.  Ms. Parker timely moved to amend and remand.

Ms. Parker has not been dilatory in moving to amend her Complaint and remand. Dilatory conduct under the *Hensgens* analysis includes the length and nature of the delay in moving to amend or remand.[81] Ms. Parker sued Amazon on behalf of her daughter K.P. on March 20, 2023, four months after learning Mr. Toledo had been delivering a package for Amazon at the time of the multi-car accident.[82]  Ms. Parker moved to consolidate *Parker v. Amazon* with the other two cases involving the same accident the same day she filed the Complaint, which Judge Cohen granted on April 14, 2023.[83] Amazon filed its notice of removal on May 8, 2023, and Ms. Parker moved to remand less than a month later on June 2, 2023.[84] We then granted Ms. Parker leave to move to amend until June 9, 2023, which she timely filed.[85]

This passage of time does not suggest undue delay. The diligent steps weigh in favor of joinder.

### 3. Ms. Parker and K.P. will be injured if not allowed to join the two drivers.

We next consider whether Ms. Parker and K.P. will be injured if we deny the Motion to amend the Complaint. "Where the claims asserted against the newly joined defendants [Mr. Mazepink and Mr. Toledo] arise out of the same set of operative facts as the claims asserted against the originally named defendant[] [Amazon] such that they would be forced to litigate duplicative cases, it is more likely [K.P.] would be prejudiced were the additional defendants not joined."[86]

Ms. Parker, on behalf of K.P., will be forced to litigate two separate cases in two separate court systems if we do not allow her to join the two non-diverse drivers, even though both cases arise out of the same set of operative facts—the October 20, 2020 multi-car accident. And the consolidated state court case and the federal case involve the same three drivers—Mr. Mazepink, Mr. Toledo, and Mr. Carter. Amazon argues trial in the consolidated state court case is scheduled for January 2024 which is "well before this case will be scheduled for trial" so K.P. "will not suffer any prejudice in her ability to obtain full recovery" from Mr. Toledo or Mr. Mazepink for the accident.[87] But Amazon errs in thinking the trial date would be in 2024 if K.P. were to proceed before us against Amazon. Her trial date would be well before January 2024 before us.

K.P. and Ms. Parker will be injured if she required to separately litigate these cases. This prejudice to K.P. and Ms. Parker weighs in favor of joinder.

### 4. Other equitable factors weigh in favor of joinder.

We last consider anything else bearing on the equities of the joinder. "Equitable factors considered by courts in this District include the efficient use of judicial resources, the effect remand will have on the defendant, and the expertise of the court relative to the applicable law."[88]

11

First, K.P.'s claims against Amazon, Mr. Mazepink, and Mr. Toledo all arise from the same multi-car accident. "[W]here two lawsuits arise from a common nucleus of fact, judicial economy will be negatively affected by allowing concurrent federal and state proceedings."[89] Allowing K.P. to amend the Complaint would avoid the burden of parallel cases in state and federal court and would guard against inconsistent results. Joinder and remand are equitable and would promote judicial economy.

Second, "equitable factors favor joinder where a defendant will not be prejudiced by remand."[90] We recognize Amazon's argument it may be prejudiced by the status of the consolidated case in the Philadelphia County Court of Common Pleas which has been ongoing since August 2021.[91] But Judge Cohen granted Mr. Toledo's motion for extraordinary relief on June 7, 2023 and extended discovery until September 4, 2023. Judge Cohen expects the case will be ready for trial by January 1, 2024.[92]

Judge Cohen's extension of discovery and the re-scheduling of trial in state court removes prejudice. Amazon may prefer to litigate this case in federal court, but it has not identified tangible prejudice which will result if it is required to litigate in state court. Amazon instead merely contends it "has an interest in maintaining a federal forum."[93] But the state court is eight city blocks away from the federal court, and Pennsylvania law will apply in either forum. And Amazon has not, for instance, raised a defense which turns on federal law or otherwise pointed to issues which we would be more skilled at deciding.[94]

Third, "when there is a lack of a significant federal interest in deciding the state law issues," we "prefer to have state courts interpret their own laws."[95] This case involves only state law claims. So the Philadelphia County Court of Common Pleas should interpret these state law issues.

We find all *Hensgens* factors heavily weigh in favor of allowing Ms. Parker on behalf of K.P. to amend her Complaint to add claims against Mr. Mazepink and Mr. Toledo.

### C.  We remand to state court.

Ms. Parker, on behalf of K.P., now sues Amazon, Mr. Mazepink, and Mr. Toledo. We no longer have subject matter jurisdiction. K.P. is a Pennsylvania citizen suing Amazon, a citizen of Delaware and Washington, and two Pennsylvania citizens—Mr. Mazepink and Mr. Toledo. We allow Ms. Parker to join the diversity-destroying Mr. Mazepink and Mr. Toledo. We must now remand to the Philadelphia County Court of Common Pleas.

### III.    Conclusion

Complete diversity existed at the time of removal. But we grant Ms. Parker's Motion for leave to amend her Complaint to join Mr. Mazepink and Mr. Toledo as non-diverse defendants. Our subject matter jurisdiction no longer exists. We remand this case to the Philadelphia County Court of Common Pleas.

---

[1] ECF Doc. No. 1-1 at 4–14.

[2] *Id.*

[3] *Id.* at 6 ¶¶ 14–19.

[4] *Id.* at 6 ¶ 20.

[5] *Id.* at 7 ¶ 22.

[6] *Id.* at 7 ¶¶ 23–27.

[7] *Id.* at 7 ¶ 28.

[8] *Id.* at 7 ¶ 29.

[9] *Parker v. Mazepink*, No. 210801387 (Phila. Cnty. Com. Pl.); ECF Doc. No. 16 at 26–41.

[10] *Toledo v. Mazepink*, No. 210802156 (Phila. Cnty. Com. Pl.); ECF Doc. No. 16 at 43–56.

[11] ECF Doc. No. 16 at 58.

[12] *Id*. at 10.

[13] *Id*.

[14] *Id*.

[15] *Parker v. Amazon,* No. 230302288 (Phila. Cnty. Com. Pl.); ECF Doc. No. 1-1 at 2–15. Ms. Parker originally sued Amazon.com, Inc. d/b/a Amazon Flex. *See* ECF Doc. No. 1-1. We amended the case caption in our June 7, 2023 Order to the correct name as Amazon Logistics, Inc. *See* ECF Doc. No. 21.

[16] ECF Doc. No. 1-1 at 5 ¶ 7.

[17] *Id*. at 6 ¶ 17.

[18] *Id*. at 6 ¶ 20.

[19] *Id*. at 7 ¶¶ 31–32.

[20] *Id*. at 12, 14.

[21] *Id*. at 5 ¶ 6; 7 ¶ 24.

[22] ECF Doc. No. 1-1 at 34–36.

[23] ECF Doc. No. 16 at 91. Amazon argues Judge Cohen consolidated the case before it could respond to Ms. Parker's motion to consolidate. *See* ECF Doc. No. 26 at 16. Amazon has not moved to amend or vacate Judge Cohen's April 14, 2023 Order by the time of our pretrial conference earlier this month.

[24] ECF Doc. No. 1.

[25] *Id*. ¶ 33.

[26] *Id*. ¶¶ 11–12.

[27] *Id*. ¶ 13. Amazon answered on May 23, 2023. *See* ECF Doc. No. 11. We ordered the parties begin discovery on May 23, 2023 and scheduled a telephonic Initial Pretrial Conference for June 7, 2023. *See* ECF Doc. No. 13. Ms. Parker moved to remand on June 2, 2023. *See* ECF Doc. No. 16. At our June 7, 2023 Conference we heard argument on Ms. Parker's Motion from both parties. We granted Ms. Parker leave to move to amend her Complaint—although she attached her amended Complaint as an exhibit to her Motion to remand—by no later than June 9, 2023 and Amazon leave to file one Opposition to the pending Motion for remand and anticipated Motion to amend by June 20, 2023. *See* ECF Doc. No. 21. Amazon instead filed two Oppositions on June 20, 2023 but attached the identical memorandum to each. *See* ECF Doc. Nos. 25, 26.

[28] ECF Doc. No. 16; ECF Doc. No. 22.

[29] ECF Doc. No. 22 at 16–19.

[30] *Id.*

[31] ECF Doc. No. 25 at 13–18.

[32] ECF Doc. No. 22.

[33] ECF Doc. No. 22-1 at 63–77.

[34] *Id.* at 68 ¶ 52.

[35] *Id.* at 74 ¶ 81.

[36] *Id.* at 71 ¶¶ 62–65; 76 ¶¶ 91–94.

[37] *Id.* at 77.

[38] ECF Doc. No. 25 at 9–11, 15–18.

[39] 28 U.S.C. § 1441(a).

[40] 28 U.S.C § 1332(a).

[41] *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

[42] *Amadu v. Bradshaw*, No. 15-8033, 2016 WL 3676474, at *2 (D.N.J. July 11, 2016).

[43] *Koch v. Progressive Direct Ins. Co*., No. 19-4697, 2020 WL 33628, at *1 (E.D. Pa. Jan. 2, 2020) (quoting *Steel Valley Auth. v. Union Switch and Signal Div*., 809 F.2d 1006, 1010 (3d Cir. 1987)).

[44] ECF Doc. No. 1.

[45] ECF Doc. No. 16 at 4–6.

[46] *Amadu*, 2016 WL 3676474, at *2 (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).

[47] *Id.*

[48] *Id.*

[49] *Malanchuk v. Tsimura*, 137 A.3d 1283, 1288 (Pa. 2016). Pennsylvania law is distinct from New Jersey law where "actions that are initiated separately and subsequently consolidated become a single action." *Amadu*, 2016 WL 3676474, at *3 (internal citations omitted).

[50] *Parker v. Mazepink*, No. 210801387 (Phila. Cnty. Com. Pl.); ECF Doc. No. 16 at 26–41.

[51] *Toledo v. Mazepink*, No. 210802156 (Phila. Cnty. Com. Pl.); ECF Doc. No. 16 at 43–56.

---

[52] *Parker v. Amazon,* No. 230302288 (Phila. Cnty. Com. Pl.); ECF Doc. No. 1-1 at 2–15.

[53] *Malanchuk*, 137 A.3d at 1288.

[54] ECF Doc. No. 1 ¶¶ 11–12.

[55] ECF Doc. No. 22.

[56] ECF Doc. No. 25 at 9–11, 15–18.

[57] Fed. R. Civ. P. 15.

[58] Fed. R. Civ. P. 20(a)(2).

[59] ECF Doc. No. 22-1 at 63–77.

[60] 28 U.S.C. § 1447(e).

[61] *Cnty. of Northampton v. RAM Const. Servs. of Cleveland, LLC*, No. 12-5958, 2013 WL 878887, at *3 (E.D. Pa. Mar. 11, 2013).

[62] *Hensgens v. Deere & Co*., 833 F.2d 1179, 1182 (5th Cir. 1987).

[63] *Groh v. Monestero*, No. 13-1188, 2013 WL 1809096, at *3 (E.D. Pa. Apr. 29, 2013) (citing *Hensgens*, 833 F.2d at 1182).

[64] *Id.* (citing *RAM Constr. Servs. of Cleveland, LLC*, 2013 WL 878887, at *3–4 (Baylson, J.) (remanding the case to state court after applying the *Hensgens* factors); *Doe No. 4 v. Soc'y for Creative Anachronism, Inc*., No. 07-1439, 2007 WL 2155553, at *3 (E.D. Pa. July 25, 2007) (Baylson, J.) (recognizing "[n]umerous cases from this District have followed *Hensgens*"); *Massaro v. Bard Access Sys*., Inc., 209 F.R.D. 363, 369 (E.D. Pa. 2002) (Robreno, J.) (applying the *Hensgens* test)).

[65] *Id.* at *3–4.

[66] *Id*. at *1.

[67] *Id*.

[68] *Id*.

[69] *Id*.

[70] *Id*.

[71] *Id*. at *2.

[72] *Id*.

[73] *Id.*

[74] *Id.* at *4.

[75] *Id.*

[76] *Id.*

[77] *Id.*

[78] ECF Doc. No. 22.

[79] ECF Doc. No. 25 at 15.

[80] *RAM Const. Servs. of Cleveland, LLC*, 2013 WL 878887, at *4.

[81] *Brennerman v. Guardian News & Media Ltd.*, No. 14-188, 2015 WL 9484466, at *7 (D. Del. Dec. 29, 2015), *report and recommendation adopted*, No. 14-188, 2016 WL 1271461 (D. Del. Mar. 30, 2016) (citing *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 748 (D.N.J. 2008)).

[82] *Parker v. Amazon,* No. 230302288 (Phila. Cnty. Com. Pl.); ECF Doc. No. 1-1 at 2–15.

[83] ECF Doc. No. 1-1 at 34–36; ECF Doc. No. 16 at 91.

[84] ECF Doc. Nos. 1, 16.

[85] ECF Doc. Nos. 21, 22.

[86] *Hennix v. Belfor USA Grp., Inc.*, No. 22-1473, 2022 WL 3691020, at *8 (E.D. Pa. Aug. 25, 2022) (internal citations omitted).

[87] ECF Doc. No. 25 at 16.

[88] *Hennix*, 2022 WL 3691020, at *8 (quoting *Taylor v. GGNSC Philadelphia, LP*, No. 14-7100, 2015 WL 5584781, at *7 (E.D. Pa. Sept. 23, 2015)).

[89] *Taylor*, 2015 WL 5584781, at *7.

[90] *Id.*

[91] ECF Doc. No. 25 at 17 ("[D]enying Amazon its right to a federal forum by allowing Plaintiff to renege on her strategic litigation choices would be inequitable to Amazon.").

[92] ECF Doc. No. 22-1 at 96–97.

[93] ECF Doc. No. 25 at 17.

[94] *See Hennix*, 2022 WL 3691020, at *9.

---

[95] *Taylor*, 2015 WL 5584781, at *7 (internal citations omitted).